IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ANTHONY HENVEY a/k/a
ANTHONY HERVEY,

    Plaintiff,

vs.                                                                         No. 14-1075-JDT-egb

P.A. TASMA GRAHAM DOAKS, et al.,

    Defendants.

ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE SERVICE OF PROCESS

On April 2, 2014, Plaintiff Anthony Henvey a/k/a Anthony Hervey, who is incarcerated at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On April 4, 2014, the Court entered an order granting leave to proceed *in forma pauperis* and assessing the filing fee. (ECF No. 4.) On September 18, 2014, Plaintiff filed a motion seeking leave to amend his complaint to state Graham Doak's complete name and to add additional defendants and causes of action. (ECF No. 7.) On February 18, 2015, the Court granted the motion. (ECF No. 11.) The amended complaint was docketed on September 18, 2014. (ECF No. 7-1.) The Clerk shall record the defendants as Physicians' Assistant Tasma Graham Doaks, Ms. J. Bass, Danny Cosby, Unit Manager Charles Hales, and WCF Assistant Warden Dan Devers.

Plaintiff Henvey alleges that he was diagnosed as a diabetic during his incarceration at

the Shelby County Jail and the condition required blood sugar checks and insulin. (ECF No. 1 at PageID 4.) Plaintiff alleges that on May 5, 2013, while at the WCF, his prescription for Metformin had expired and he required insulin because his blood sugar was too high. (*Id.*) Plaintiff alleges that Defendant Graham Doaks took him off the list to have his blood sugar tested. (*Id.*) On May 9, 2013, Plaintiff alleges that he either had a seizure or blacked out injuring his left elbow and low back. (*Id.* at PageID 5.) Plaintiff was taken to the medical department, given insulin, and transported to an outside hospital. (*Id.*) Plaintiff alleges that since that date he has been given ibuprofen for his back pain, Metformin, insulin when required, and has his blood sugar checked three times a day. (*Id.*) Plaintiff complains that he still suffers from back pain. (*Id.*)

Plaintiff alleges that Defendant J. Bass denied him the opportunity to change cells when he developed problems with his cellmate. (ECF No. 7-1 at PageID 48.) Plaintiff contends that Defendant Danny Cosby would not allow him reentry to a social life program because of fighting. (*Id.*) Plaintiff complains that Defendant Hale refused to overturn Defendant Cosby's decision. (*Id.*) Plaintiff alleges that Defendant Devers failed to investigate the incident. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted,

2

> [t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. . . . Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. . . . Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show <u>entitlement</u> to relief. . . . To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted; emphasis in original); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); *Savage v. Hatcher*, 109 F. App'x 759, 761 (6th Cir. 2004); *Coker v. Summit County Sheriff's Dep't*, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of *pro se* complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); *Foundation for Interior Design Educ. Research v. Savannah College of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); *Mitchell v. Community Care Fellowship*, 8 F. App'x 512, 513 (6th Cir. 2001); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) a

---

[1] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

An inmate does not have a protected right to be assigned to a particular prison, security classification, housing assignment, or in freedom from administrative segregation and isolation. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976). *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995) (confinement in particular part of prison or jail does not implicate due process absent "atypical and significant hardship" "in relation to the ordinary incidents of prison life"). The allegation that Plaintiff was denied a cell change when he developed problems with his cellmate does not amount to an allegation of "atypical and significant hardship" "in relation to the ordinary incidents of prison life" and thus do not allege the deprivation of any liberty interest. *See*, *e.g.*, *Mackey v. Dyke*, 111 F.3d 460, 462-63 (6th Cir. 1997). Plaintiff fails to state a claim against Defendant J. Bass for the denial of a cell change.

The Constitution also does not provide Plaintiff with a legally enforceable right to participate in programs that will allow him to earn sentence credits. Prisoners have no constitutional right to discretionary release on parole before the expiration of their sentences, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Inmates of Orient*

---

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

*Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991), and "[p]risoners have no liberty interest in opportunities to earn good time credits," *Martin v. O'Brien*, 207 F. App'x 587, 589-90 (6th Cir. 2006). Prisoners also do not have a liberty interest in participation in prison rehabilitation programs. *See Moody v. Daggett*, 429 U.S. at 89 n.9; *Manning v. Unknown Parties*, 56 F. App'x 710, 711 (6th Cir. 2003) (parole board's recommendation that inmate complete a program on impulse control did not create a liberty interest requiring his admission into the program); *Harrington v. Smokoska*, No. 92-1912, 1992 WL 376855, at *2 (6th Cir. Dec. 18, 1992) (affirming dismissal of claim for inmate's removal from halfway house program, stating "[t]here is no liberty interest in being placed in a community residential program or within any particular prison in the state of Michigan"); *Jones v. Nichols*, No. 90-3068, 1990 WL 151047, at *1 (6th Cir. Oct. 9, 1990) (affirming dismissal of claim that inmate was denied credit for barber training classes, stating "[t]here is no constitutional right to vocational or educational programs in prisons. Nor does Jones have a state created liberty interest in such programs subject to due process protection.") (citations omitted); *Molenkamp v. Brown*, No. 90-1022, 1990 WL 75225, at *1 (6th Cir. June 6, 1990) ("Molenkamp has no liberty interest in participation in the community release program subject to due process protection, as participation in the program rests within the discretion of prison authorities."); *Canterino v. Wilson*, 869 F.2d 948, 953 (6th Cir. 1989) (no liberty interest in study and work-release programs); Frantz v. Mich. Dep't of Corr., No. 1:11-cv-584, 2011 WL 3100564, at *7 (W.D. Mich. July 25, 2011) ("Federal courts have consistently found that inmates have no constitutionally protected liberty interest in prison employment, vocation, rehabilitation, and educational programs based on the Fourteenth Amendment.") (collecting cases); *Bush v.*

5

*Hogsten*, No. 6:11-CV-00167-KSF, 2011 WL 2682971, at *3 (E.D. Ky. July 11, 2011) (dismissing habeas petition requesting placement in federal Residential Drug Abuse Treatment Program, explaining that "it is well settled that prisoners have no constitutionally protected liberty interest in either discretionary release prior to the expiration of their prison terms or participation in any prison rehabilitation programs") (citation omitted); *Jones v. Benion*, No. 2:10-CV-12360-DT, 2011 WL 2221166, at *3-4 (E.D. Mich. May 13, 2011) (report and recommendation) (inmate has no liberty or property interest in participation in programs required for parole), adopted, 2011 WL 2183384 (E.D. Mich. June 6, 2011). Thus, Plaintiff fails to state a claim against Defendant Cosby for his exclusion from the social life program and Defendant Hales for refusing to overturn Cosby's decision.

Henvey has no claim against Defendant Devers for failing to investigate to the extent he was aware of Plaintiff's grievances or complaint. Although failure to investigate may give rise to § 1983 supervisory liability, *see Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990) and *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in *Walker* and the analysis in its progeny teach that evidence of the "failure to investigate" can establish municipal liability only. In *Dyer v. Casey*, 1995 WL 712765, at **2 (6th Cir. 1995), the Court stated that "the theory underlying [*Marchese* and *Luca*s ( citations omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

In *Walker*, the Sixth Circuit distinguished *Marchese* because the Court "imposed the broad investigative responsibilities outlined in Marchese upon the Sheriff in his official capacity." *Walker*, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act."). In 1998, the Sixth Circuit affirmed the dismissal

of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

*Young v. Ward*, 1998 WL 384564 *1 (6th Cir. 1998). Plaintiff's complaint fails to state a claim against Defendant Devers.

The Court therefore DISMISSES the claims against Defendants J. Bass, Danny Cosby, Charles Hales, and Dan Devers for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk is directed to terminate those parties as defendants.

It is ORDERED that the Clerk shall issue process for Defendant Tasma Graham Doaks and deliver said process to the marshal for service. Service shall be made on the individual defendant either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on any defendant if she has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

s/James D. Todd_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE