IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY HENVEY, a/k/a ANTHONY HERVEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 14-1075-JDT-egb |
| TASMA GRAHAM DOAKS, ET AL., | ) ) ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

The *pro se* prisoner Plaintiff, Anthony Henvey, who is presently incarcerated at the Deberry Special Needs Facility in Nashville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 2, 2014. (ECF No. 1.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) On March 31, 2015, the Court dismissed portions of the complaint and directed that process be issued for the remaining Defendant, Tasma Doaks, a Family Nurse Practitioner employed at the Whiteville Correctional Facility ("WCF"), where Plaintiff was previously incarcerated. (ECF No. 12.) Presently before the Court is Defendant's motion for summary judgment (ECF No. 24) and Plaintiff's motions for appointment of counsel (ECF Nos. 25 & 27).

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is

not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[1]

Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case. Nothing in Plaintiff's motions serves to distinguish this case from the many other cases filed by *pro se* prisoners who are not trained attorneys and who have limited access to legal materials. Therefore, the motions for appointment of counsel are DENIED.

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by

---

[1] These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 310 (1989).

'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

    (A)    citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[2] or

    (B)    showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

    (1)    give an opportunity to properly support or address the fact;

    (2)    consider the fact undisputed for purposes of the motion;

    (3)    grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or

    (4)    issue any other appropriate order.

Fed. R. Civ. P. 56(e).

    In *Celotex Corp.*, the Supreme Court explained that Rule 56:

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

---

[2] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

> bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

*Id.* at 252; *see also Matsushita*, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In the order of partial dismissal, the Court set forth Plaintiff's allegations against Defendant Doaks:

> Plaintiff Henvey alleges that he was diagnosed as a diabetic [in 2011] during his incarceration at the Shelby County Jail and the condition required blood sugar checks and insulin. (ECF No. 1 at PageID 4.) Plaintiff alleges that on May 5, 2013, while at the WCF, his prescription for Metformin had expired and he required insulin because his blood sugar was too high. (*Id.*) Plaintiff alleges that Defendant Graham Doaks took him off the list to have his blood sugar tested. (*Id.*) On May 9, 2013, Plaintiff alleges that he either had a seizure or blacked out injuring his left elbow and low back. (*Id.* at PageID 5.) Plaintiff was taken to the medical department, given insulin, and transported to an outside hospital. (*Id.*) Plaintiff alleges that since that date he has been given ibuprofen for his back pain, Metformin, insulin when required, and has his blood sugar checked three times a day. (*Id.*)

(ECF No. 12 at Page ID ("PID") 99-100.) In support of the motion for summary judgment, Defendant Doaks has submitted her Declaration made under penalty of perjury pursuant to 28 U.S.C. § 1746 (ECF No. 24-2 at PID 147-152), accompanied by portions of Plaintiff's medical records (*id.* at PID 153-161) and records of his commissary purchases (*id.* at PID 162-174). In response to Defendant's motion, Plaintiff submitted his own Declaration pursuant to § 1746. (ECF No. 28.) Defendant filed a reply to Plaintiff's response. (ECF No. 31.)[3]

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment, and is made applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). "A prisoner's right to adequate medical care 'is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs.'"

---

[3] Although Plaintiff's response was mailed on September 8, 2015 (ECF No. 28-1), significantly more than twenty-eight days after service of the motion for summary judgment on July 21, 2015, *see* Local Rule 56.1(b), Defendant has not objected to the untimeliness of the response.

*Id.* at 874 (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)); *see also Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component of an Eighth Amendment claim based on a lack of medical care requires that a prisoner have a serious medical need. *Blackmore*, 390 F.3d at 895; *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson*, 398 F.3d at 874. In this case, Defendant does not dispute that Plaintiff's diabetes was a serious medical condition.

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and also disregards that risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk

6

that he should have perceived but did not" does not amount to cruel and unusual punishment. *Id.* at 838.

Defendant contends that Plaintiff cannot establish the subjective component of his Eighth Amendment claim. In her Declaration, Defendant states that she first examined Plaintiff on April 4, 2013, at which time he reported a medical history of hypertension, depression, hepatitis C, and diabetes mellitus. Among other medications, Plaintiff was taking a daily dose of 500 mg of Metformin, a drug used to treat Type 2 diabetes, and had been undergoing blood sugar checks twice a day; she states that he was not receiving insulin at that time. (Def.'s Decl. ¶¶ 8-10, ECF No. 24-2 at PID 148.) Defendant further states that after her initial examination, she exercised her professional judgment and ordered that Plaintiff continue to take 500 mg of Metformin and undergo twice-daily blood sugar checks for the next fourteen days; she also prescribed aspirin and Norvasc to treat his high blood pressure. She ordered that Plaintiff's medications were to be "KOP" or kept on his person, meaning that it was his responsibility to take the medications as prescribed. Defendant further ordered a diabetic diet plan for Plaintiff. (*Id.* ¶¶ 11-13, at PID 149; *id.* Ex. A, at PID 154-155.)

Defendant next saw Plaintiff for a follow-up examination on April 23, 2013, at which time she continued him on his medications and added hydrochlorothiazide. However, Defendant states that, in her professional judgment, she did not order daily blood sugar checks since Plaintiff's diabetes appeared to be controlled with the current dosages of his medications. (*Id.* ¶ 14, at PID 149; *id.* Ex. A, at PID 156, 159.) Plaintiff states in his Declaration that he was given insulin by Nurse Morgan, who is not a party to this action, on May 5, 2013, because of his high blood sugar. (Pl.'s Decl. ¶ 4, ECF No. 28 at PID 197.) The medical records submitted in support of Defendant's

motion for summary judgment do not confirm or disprove this assertion. Plaintiff also declares that other WCF medical personnel, including Nurses Henry, Kennedy, Sargent and MacCalvin, gave him insulin. (*Id.* ¶ 14, at PID 199.) However, Plaintiff does not state when or under what circumstances he received insulin from these individuals.

Defendant indicates that Plaintiff's blood was drawn for lab work on May 7, 2013. (Def.'s Decl. ¶ 15, ECF No. 24-2 at PID 149; *see also* ECF No. 1-1 at PID 10; ECF No. 1-2 at PID 16.) Prior to those lab results being completed, on May 8, 2013, Plaintiff was found on the floor of the WCF dayroom in a lethargic state. When he was taken to the medical department, his blood pressure was 200/100, his blood glucose was 486, and he was responsive. An ambulance was called, and Plaintiff was taken to the Jackson Madison County General Hospital ("JMCGH") for evaluation and treatment. (Def.'s Decl. ¶ 16, ECF No. 24-2 at PID 149-150; *id.* Ex. A, at PID 157, 160). Defendant states that in her professional medical opinion, Plaintiff's brief loss of consciousness ("syncope") was not caused by his high blood glucose level, otherwise he would not have been responsive when he was initially brought to the medical department. (*Id.* ¶¶ 17-18, at PID 150.)

Defendant Doaks declares that the treating physician at JMCGH noted his impression of Plaintiff's condition as "uncomplicated syncope" with "[n]o evidence of transient ischemic attack or cerebrovascular accident or seizure." The physician prescribed two medications for Plaintiff's diabetes and an additional medication for his high blood pressure, and Plaintiff was returned to the WCF. (*Id.* ¶¶ 19-20.) The actual records from JMCGH have not been submitted, but Plaintiff does not dispute this diagnosis. (Pl.'s Decl. ¶ 12, ECF No. 28 at PID 198.) On May 15, 2013, Defendant Doaks examined Plaintiff and increased his dosage of Metformin to 1000 mg twice a day and

ordered blood sugar checks three times each day, with insulin on a sliding scale as needed.[4] That treatment was continued thereafter. (Def.'s Decl. ¶¶ 22-23, ECF No. 24-2 at PID 150-151; *see also* ECF No. 1 at PID 5; ECF No. 1-1 at PID 10.)[5]

Defendant Doaks declares that she provided Plaintiff with appropriate and adequate medical care at all times, acting in good faith and in accordance with her professional medical opinion and the relevant community standards. Relying on her training, experience and judgment regarding what was needed, she provided Plaintiff with the best treatment available. (Def.'s Decl. ¶¶ 5-7, ECF No. 24-2 at PID 148.)

The undisputed evidence in the record shows that Defendant did not act with the deliberate indifference necessary to rise to the level of an Eighth Amendment violation. While Plaintiff declares that Defendant Doaks violated his rights by denying him insulin, thus causing his blackout (Pl.'s Decl. ¶ 13, ECF No. 28 at PID 198-199), there is no evidence that Doaks was aware that Plaintiff's blood sugar was high and refused to give him insulin. At most, there is evidence that Doaks may have been negligent in discontinuing Plaintiff's daily blood sugar checks for a period

---

[4] Plaintiff asserts these were the orders of the treating physician at JMCGH. (Pl.'s Decl. ¶ 12, ECF No. 28 at PID 198.) Even if that is so, Plaintiff's medical records reflect that Defendant Doaks confirmed and implemented those orders. (Def.'s Decl. Ex. A, ECF No. 24-2 at PID 158.)

[5] Defendant also points out that, from May 20, 2014 through April 21, 2015, Plaintiff purchased numerous food items from the commissary that were not in compliance with the dietary restrictions of someone with diabetes, including many high-calorie sweet snacks. (Def.'s Decl. ¶ 24, ECF No. 24-2 at PID 151; *id.* Ex. B, at PID 162-174.) However, Plaintiff states in his Declaration that he did not personally eat what he purchased, but instead sold the items to other inmates. (Pl.'s Decl. ¶ 15, ECF No. 28 at PID 199.) In any event, even if Plaintiff had consumed all of the snacks himself, the time period from May 2014 through April 2015 has little or no relevance to his medical condition in April and May of 2013, the period with which this case is concerned. The Court will not consider this evidence in the analysis of Defendant's motion.

of time and waiting on his lab work. However, even if Defendant was negligent in her treatment, a mistaken diagnosis or negligent treatment of a medical condition, even if it amounts to medical malpractice, "does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Comstock*, 273 F.3d at 703 (the subjective standard of deliberate indifference "is meant to prevent the constitutionalization of medical malpractice claims").

The Court finds there are no genuine issues of material fact for trial on Plaintiff's claims. Therefore, the Defendant is entitled to judgment as a matter of law, and the motion for summary judgment is GRANTED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant summary judgment also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir.

10

2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE